## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANGELA MARQUEZ and
EVA BRITO,

          Plaintiffs,

v.                                          Civ. No. 05-1349 JH/WPL

FANTASTIC FOODS, INC. D/B/A
DOWNTOWN DISTILLERY,

          Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion to Dismiss* [Doc. No. 3]. As grounds for the motion, Defendant Fantastic Foods, Inc. ("Fantastic Foods") argues that (1) Plaintiffs' claims are barred by the statute of limitations, (2) Plaintiffs' claims under the New Mexico Human Rights Act ("NMHRA") should be dismissed because Plaintiffs failed to file and serve their notices of appeal from the New Mexico Human Rights Division's respective Orders of Nondetermination, and (3) Plaintiffs failed to timely serve Defendant with their complaint.  After considering the facts as well as the arguments and authorities set forth by the parties, the Court concludes that the motion should be granted as to Plaintiff Brito's state law claims and denied as to her federal claims, and denied as to Plaintiff Marquez's state law claims.

## FACTUAL BACKGROUND

This is a sexual harassment case.  Plaintiffs Angela Marquez and Eva Brito are former employees of an Albuquerque restaurant and bar known as the Downtown Distillery, owned and operated by Defendant Fantastic Foods, Inc.  In 2004, each of the Plaintiffs made claims of sexual

harassment against the Downtown Distillery with both the New Mexico Department of Labor, Human Rights Division ("HRD") and the United States Equal Employment Opportunity Commission ("EEOC"). The named defendant in the administrative proceedings was Downtown Distillery, represented by attorney Mary Han, who represents Fantastic Foods, Inc. in this matter. Eventually, the HRD issued Notices of Nondetermination to Plaintiffs Marquez and Brito on April 21, 2005 and May 6, 2005, respectively. Similarly, the EEOC issued Dismissal and Notice of Rights forms to Plaintiffs Marquez and Brito on April 13, 2005 and April 29, 2005, respectively.

On May 23, 2005, Plaintiff Marquez (who at that time was the only plaintiff in this case) filed the original complaint in state district court, in which she alleged the violation of her rights under state law. The named defendant in the original complaint was Downtown Distillery, the same entity that had participated in the administrative proceedings. Marquez's counsel mailed a copy of the complaint to Ms. Han, but she did not accept service on behalf of her client, inform counsel for Plaintiff that he had named the wrong entity, or otherwise respond in any way. There is no indication in the record that Plaintiff Marquez made any effort to serve the Fantastic Foods' registered agent for service of process, or that she served a copy of her complaint on HRD.

On July 5, 2005, Plaintiff Marquez filed the first amended complaint, which added Plaintiff Brito. Brito asserted claims against Defendant for sex discrimination under both the New Mexico Human Rights Act and Title VII of the Civil Rights Act of 1964. Once again, the first amended complaint named Downtown Distillery as the defendant, and Plaintiffs' counsel attempted to serve it merely by mailing it to Ms. Han, who again filed no acceptance of service on behalf of her client and did not respond in any other fashion.

By November of 2005, Downtown Distillery still had not answered or entered an appearance

2

in the case.  On November 29, 2005, Plaintiffs filed their second amended complaint, which named

Fantastic Foods, Inc. d/b/a Downtown Distillery as the defendant.  The following day, November 30,

2005, Plaintiffs perfected service of process upon Fantastic Foods' registered agent for service of

process.  On December 29, 2005, Fantastic Foods removed the case to this federal district court, filed

its answer to the complaint, and filed the motion to dismiss presently pending before the Court.

## DISCUSSION

### I.    Plaintiffs' State Law Claims

Under the Second Amended Complaint, both Plaintiffs assert claims of unlawful sex

discrimination under the NMHRA.  *See* Second Amended Complaint at ¶¶ 4-6, 9-12.  Both Plaintiffs

filed complaints with the New Mexico Human Rights Division, which in turn issued Orders of

Nondetermination to Plaintiff Marquez on April 21, 2005 and to Plaintiff Brito on May 6, 2005.  Both

Orders stated that if, under NMSA1978, § 28-1-13(A)[1], a Plaintiff wished to appeal the Order of

Nondetermination, she was required  to file a notice of appeal with the appropriate district court

---

[1] At the time the New Mexico Human Rights Division served Plaintiffs with its Orders of
Nondetermination, Section 28-1-13(A) provided that:

> Any person aggrieved by an order of the commission may obtain a
> trial de novo in the district court of the county where the
> discriminatory practice occurred or where the respondent does
> business by filing a notice of appeal within thirty days from the date
> of service of the commission's order. A copy of the notice of appeal
> shall be served personally or by certified mail, return receipt
> requested, at their last known address on all parties who appeared
> before the commission and shall also be served at the division office
> in Santa Fe. No order of the commission shall be superseded or
> stayed during the appeal unless the district court so directs after
> notice to the commission and a hearing.

3

within 30 days and to serve the notice of appeal on all parties and the Human Rights Division.[2] According to Rule 1-076, NMRA 2006, which addresses appeals from the Human Rights Commission, the notice of appeal should be "in the form of a complaint in the district court."  Rule 1-076(B).

A.     **Plaintiff Marquez**

First, Defendant argues that Plaintiff's Marquez's complaint was untimely filed.  HRD's Notice of Nondetermination is dated April 21, 2005, and Marquez filed her original complaint 32 days later on May 23, 2005.  Both Section 28-1-13(A) and Rule 1-076(B) require a complainant to file her notice of appeal within 30 days of *service* of the Order of Nondetermination.  The question is whether such service is complete upon *mailing* or upon the complainant's *receipt* of the order from which she is appealing.  The parties do not address this question, nor has the Court been able to find any New Mexico jurisprudence on the issue.  However, a review of the regulations promulgated by HRD in the New Mexico Administrative Code sheds some light on the issue.  Section 9.1.1.10(C) of those regulations provides that a complainant has 30 days to file an appeal in district court after her *receipt*, by certified mail, of an order of dismissal of her complaint due to a finding of no probable cause.

This result is supported not only by the regulation, but also by generally accepted rules of statutory construction.  In 1969, the New Mexico Legislature enacted the NMHRA, 1969 N.M. Laws, ch. 196, §§ 1-15, to eliminate "unlawful discriminatory practice[s]," *id*. at § 4(B) (presently

_____

[2] In 2005, the New Mexico Legislature amended Section 28-1-13(A) so that it now provides a complainant with 90 days after service of the order in which to file a notice of appeal. However, that amendment went into effect on June 17, 2005, shortly after Plaintiffs received their Notices of Nondetermination.  Therefore, the amendment is inapplicable here.

4

compiled as § 28-1-4(A)(1)), and to create a comprehensive administrative scheme to facilitate

adjudication of claims of discrimination, *id*. at §§ 9-11 (presently compiled as §§ 28-1-10 to -12).

*See Luboyeski v. Hill*, 117 N.M. 380, 383, 872 P.2d 353, 356 (1994). Thus, the NMHRA has a

broad, remedial purpose to prevent discrimination.  The statute should be interpreted liberally  in

order to effect that broad remedial purpose. *See Rodman v. N.M. Employment Sec. Dept.*, 107 N.M.

758, 761, 764 P.2d 1316, 1319 (1988) (interpreting New Mexico's unemployment compensation

laws); *Russell v. Protective Insurance Co.*, 107 N.M. 9, 13, 751 P.2d 693, 697 (1988) (interpreting

the New Mexico Insurance Code).  Thus, a liberal interpretation would indicate that the 30 days in

which a complainant must file a notice of appeal should not begin to run until the complainant has

*received* the order from which she is appealing.

Finally, the Court notes that the NMHRA's federal counterpart, Title VII, and the regulations

thereto, require that the 90 day limitations period applicable to appeals of administrative decisions

does not begin to run until the complainant actually receives her right to sue letter.  There is no

reason to believe that the NMHRA should be construed more narrowly.

In this case, there is no evidence before the Court as to when Plaintiff Marquez actually

received the Notice of Nondetermination.  In the absence of evidence as to when a plaintiff has

received a final agency decision or a right to sue letter, the Supreme Court, relying on Federal Rule

of Civil Procedure 6(e), presumes that the notice was received three days after it was mailed.[3]  *See*

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n. 1, 104 S. Ct. 1723, 1724 (1984).

---

[3] Without offering any authority for its position, Defendant suggests that the Court
presume that Plaintiff Marquez received the Notice of Nondetermination the day after it was
mailed.  Finding no support in the law for this approach, the Court declines to adopt the rule
proposed by Defendant.

Both the Tenth Circuit and district courts within this circuit have applied this three-day presumption in various contexts. *See, e.g., Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994); *Palmer v. Sprint/United Midwest Mgmt. Servs. Co.*, No. 96-2503-GTV, 1997 WL 383065 (D. Kan. June 18, 1997); *Bergman v. Sprint/United Mgmt. Co.*, 981 F. Supp. 1399, 1402 (D. Kan. 1997). *See also Lozano v. Ashcroft*, 258 F.3d 1160, 1164-65 (10th Cir. 2001) (collecting cases; recognizing mailing-time presumption of three or five days for receipt of right-to-sue letter). Assuming that HRD mailed its Notice of Nondetermination on the same date marked on the letter, April 21, 2005, then the Court presumes that Plaintiff Marquez received it on April 25, 2005 because April 24, 2005 was a Sunday.  Accordingly, Plaintiff Marquez was required to file her notice of appeal in the district court within 30 days, or no later than May 25, 2005.  Because she filed the complaint on May 23, 2005, it was timely.

Second, Defendant contends that Plaintiff Marquez failed to file and serve the notices of appeal on Defendant Fantastic Foods and the HRD as required by Section 28-1-13(A) of the NMHRA.  A reading of the first sentence of Section 28-1-13(A), which addresses the requirement of *filing* a notice of appeal, reveals that it imposes a 30-day time limit for that action.  However, the second sentence of Section 28-1-13(A), which addresses the requirement of *service* of the notice upon HRD and the parties, imposes no such time limit for service.

By its express terms, Section 28-1-13(A) requires an appellant to serve, "personally or by certified mail, return receipt requested, at their last known address on all parties who appeared before the commission and shall also be served at the division office in Santa Fe."  The record currently before the Court demonstrates that Plaintiff Marquez did serve the notice of appeal upon Downtown Distillery—"the party who appeared before the commission"—on two separate occasions by certified

mail.  This took place because, as further discussed below, it appears that Fantastic Foods went

through the entire administrative process under the misnomer "Downtown Distillery" and never

informed the HRD, EEOC, or the Plaintiffs that the proper party was Fantastic Foods.  Plaintiffs also

served Fantastic Foods, albeit several months later, when they learned Defendant's true identity.

Accordingly, Plaintiff Marquez appears to have satisfied the service requirement as to Defendant.

However, it does not appear that Plaintiff Marquez ever served her complaint upon HRD as required

by the statute.[4]  This failing, however, does not deprive the Court of jurisdiction to hear the case.

Certainly, in order for the Court to render a judgment against HRD it would be necessary for

Plaintiffs to serve that entity; however, as Plaintiffs do not appear to seek a ruling against HRD, it

appears that their failure to serve the commission is harmless.  *See Derringer v. Turney*, 2001-

NMCA-075 ¶ 17-19, 131 N.M. 40 (observing that, in the context of appeals from administrative

decisions by the state engineer, while service in accordance with the statute must be effected on all

*parties* in a timely manner, service in accordance with court rules is necessary only for the court to

render judgment against a particular party, and it is not necessary to serve the state engineer where

appellant does not seek a court judgement against state engineer).  Here, by the express terms of

Section 28-1-13, the trial to the district court is *de novo*, with appeal to the Court of Appeals.  The

HRD is not a necessary party to the appeal, and the failure to serve HRD with the notice of appeal

is harmless.  Accordingly, the motion to dismiss Plaintiff Marquez's claims will be denied.

### B.    <u>Plaintiff Brito</u>

Plaintiffs Brito's state law claims should be dismissed on the grounds that her complaint is

---

[4] Defendant raises the issue, and Plaintiffs do not respond.  From this silence, the Court infers that Plaintiffs did not serve their complaints upon HRD.

untimely.  The Order of Nondetermination sent by the Human Rights Division to Brito is dated May

6, 2005.  The record contains no evidence as to when Brito received the Order.  As explained above,

the Court presumes that the notice was received three days after it was mailed, on May 9, 2005.

Thus, the NMHRA required Brito to assert her claims within 30 days, or no later than June 8, 2005.

However, the First Amended Complaint which added Plaintiff Brito's claims to this case was not filed

until July 5, 2005.  Accordingly, Brito's state law claims should be dismissed because they are

untimely.

## II.   <u>Brito's Federal Claims</u>[5]

Plaintiff Brito asserts a claim for sexual harassment under Title VII, which provides that she

had 90 days after receiving her dismissal and notice of rights from the EEOC in which to file her

claim.  42 U.S.C. § 2000e-5(f)(1).[6]  The EEOC's Dismissal and Notice of Rights letter to Brito is

dated April 29, 2005, and Brito filed her complaint (by joining in the first amended complaint) on July

5, 2005.  Thus, there is no doubt but that Brito's claims were filed within 90 days of her receipt of

the notice.  However, Defendant argues that the first amended complaint did not toll the 90 day

period because the first amended complaint incorrectly named Downtown Distillery instead of

Fantastic Foods as the defendant, and therefore Plaintiff's claims are untimely.

The Court disagrees with Defendant and finds that Plaintiff's Brito's claims were timely filed

within the 90 day period. The Court relies upon the statute itself, which provides that "within ninety

---

[5]Plaintiff Marquez stipulates that she is not asserting a claim under federal law.

[6] The statute provides, in relevant part, that "within ninety days after the giving of such
notice [by the EEOC] a civil action may be brought against the respondent named in the charge
..."  Thus, the statute requires that the action be brought within ninety days, not that the complaint
be served within ninety days.

days after the giving of such notice a civil action may be brought against *the respondent named in the charge*." 42 U.S.C. § 2000c-5(f)(1). The respondent named in the charge was Downtown Distillery, and therefore Plaintiff Brito named the correct entity in her complaint. To be clear, this is not a case in which, during the course of the administrative proceedings, the defendant informed the plaintiff that she had named the wrong entity, and yet despite having such information the plaintiff named the incorrect party in her notice of appeal. Such a situation might yield a different result, but that is not the question presented here. The evidence before the Court in this case indicates that Fantastic Foods, through its counsel, affirmatively participated in the administrative process before HRD under the name "Downtown Distillery," never informing either HRD or Plaintiffs that the correct entity was Fantastic Foods. By remaining silent as to that issue during the administrative process, Fantastic Foods effectively represented that "Downtown Distillery" was the proper party. Now, Defendant disingenuously seeks to benefit from its silence on the matter by claiming that Plaintiff Brito's original complaint is inadequate because it named the wrong party, and that Plaintiff had an affirmative duty to investigate Downtown Distillery's true identity. The Court will not countenance this argument.

For the same reasons, the Defendant's reliance upon *Romero v. Bachicha*, 2001-NMCA-048, 130 N.M. 610, is misplaced. In *Bachicha*, the Court held that where a plaintiff fails to serve a defendant prior to amending the complaint to change the defendant's name to correct a misnomer, the plaintiff must demonstrate that the notice requirements of Rule 1-015(C), NMRA 2005, have been satisfied. *Id.* at ¶ 9-11. Those requirements are that (1) the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) the defendant has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on

the merits, and (3) the defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.  In this case, it is clear that each of these requirements is satisfied.  The second amended complaint adding Plaintiff Brito's claims arises out of the same transactions and occurrences as the original and first amended complaints, as well as the underlying administrative proceedings before HRD and the EEOC. Fantastic Foods received ample notice of both the original and the first amendment complaints when those documents were mailed to and accepted by their counsel, Ms. Han, who represented Fantastic Foods during the administrative proceedings and continues to represent Defendant in this matter. Though this may not have constituted proper service of the complaints, Fantastic Foods does not dispute that those actions provided it with notice of the action. Finally, there is no doubt that Fantastic Foods knew or should have known that, but for Plaintiffs' mistake in naming "Downtown Distillery"—a mistake engendered by Defendant's own actions in representing itself as such before the HRD and the EEOC—Plaintiffs would have brought the action against Fantastic Foods. Each of Rule 1-015(C)'s requirements is satisfied, and therefore Plaintiffs' failure to serve Fantastic Foods prior to filing their second amended complaint is not fatal.

Defendant's final argument is that Plaintiff Brito's claim should be dismissed because she failed to properly serve Defendant with her July 5, 2005 amended complaint within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure.  However, as Plaintiff Brito correctly points out, the federal rule does not apply here because Defendant did not remove the case to federal district court until after it was served on November 30, 2005, and therefore any delay in service should be evaluated under New Mexico state law.

Unlike Federal Rule 4(m), which contains a specific 120-day time limit within which service

of the summons and complaint ordinarily must be made, Rule 1-004(C)(2), NMRA 2005, provides only that service shall be made "with reasonable diligence."  New Mexico jurisprudence offers no bright line test in this regard, but rather affords the district court with considerable discretion to determine reasonable diligence under the standard of objective reasonableness based upon the circumstances of each case. *Graubard v. Balcor Co.*, 2000-NMCA-032 ¶ 12, 128 N.M. 790.  In the circumstances presented here, the Court finds that Plaintiffs acted with reasonable diligence in attempting to serve the Defendant.  As previously stated, Defendant had misrepresented its identity as "Downtown Distillery," a fact that caused significant delay in Plaintiffs' discovery of the name of the proper party and created a barrier to proper service.  Further, Plaintiffs did not entirely ignore the service requirement that accompanied the filing of the first two complaints.  Instead, they attempted to obtain service on two occasions by inviting Ms. Han to accept service on behalf of her client. When parties have engaged in prior adverse action, administrative or otherwise, and all are aware of the pending dispute among them, it is a common practice in New Mexico for defense counsel to extend a professional courtesy by agreeing to accept service of a complaint on behalf of her client. It was not unreasonable for Plaintiffs' counsel to request this courtesy from defense counsel.  Finally, once they discovered that Fantastic Foods was the proper party, Plaintiffs amended their complaint and effected service on Fantastic Food's registered agent for service the following day.  Accordingly, the Court concludes that under New Mexico law, Plaintiffs acted with reasonable diligence in serving Defendant with their complaint, which should not be dismissed for failure to timely serve.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss* [Doc. No. 3] is **GRANTED IN PART** as to Plaintiff Eva Brito's claims for discrimination under state law, which are **DISMISSED WITH PREJUDICE**.

The motion to dismiss is **DENIED** as to Plaintiff Brito's claims under federal law, as well as Plaintiff Angela Marquez's claims under state law.

_____
**UNITED STATES DISTRICT JUDGE**